IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VAUGHN AVERY WATSON, SR. #401-100
        Plaintiff                  :

      v.                                 :   Civil Action No. CCB-12-1163

SGT. JONES                          :
TROOPER FIRST CLASS BITTER

**MEMORANDUM**

On April 16, 2012, Vaughn Avery Watson, Sr. filed this civil complaint pursuant to 42 U.S.C. § 1983 seeking the return of $4,320.00 taken from him at time of arrest and declaratory and injunctive relief mandating that "all legal actions be reversed or terminated." ECF No. 1 at 3. Plaintiff shall be granted leave to file in forma pauperis. For reasons set forth herein, his request for appointment of counsel (ECF No. 1, filed as correspondence) shall be denied and his complaint dismissed without prejudice.

Plaintiff states that on July 12, 2011, he fell asleep at the wheel and crashed his car while on the way to purchase a work boat. He sustained injuries and was helped from the car by Sgt. Jones, a member of the Queen Anne's County, Maryland Sheriff's Department. While emergency personnel were placing plaintiff on a stretcher and arranging transportation for medical care, Jones allegedly reached into plaintiff's pocket and removed his wallet and a sum of cash. Jones than reached into plaintiff's pocket a second time and uncovered drugs. Plaintiff states Maryland State Trooper First Class Bitter stood by and permitted Jones to search both plaintiff and the car, in which a scale was found. Plaintiff indicates that he was flown to Maryland Shock Trauma center and criminal charges were filed against him after his release. ECF No. 1 at 2.

Maryland Judicial Case Search records reveal that plaintiff was arrested on July 12, 2011,

on drug charges. On January 13, 2012, he pled guilty to one count of possession of a controlled dangerous substance other than marijuana. He currently is incarcerated in the Maryland Division of Correction where he is serving a four-year sentence, all but two years suspended.[1]

To the extent plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights pertaining to the search of his person, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he shows that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages). Should plaintiff succeed in overturning his conviction, he may refile this action concerning the allegedly illegal search and seizure.

Plaintiff's claim concerning the taking of his money is not well delineated. If plaintiff is claiming Jones wrongfully kept the money, plaintiff may wish to pursue criminal charges and/or a civil action against Jones for such action. Plaintiff should be aware, however, that Maryland law provides that money seized in connection with the illegal use, possession or distribution of drugs is subject to forfeiture proceedings. *See* Md. Code. Ann., Crim. Proc. § 12-102(a)(6). The

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=20K11010021&loc=54&detailLoc=K

burden of proof is upon the claimant to rebut the State's presumption that the money should be subject to forfeiture. *See Prince George's County v. Blue Bird* Cab Co., 284 A.2d 203 (Md. 1971). Under Maryland law, forfeiture is treated as a civil action *in rem*, and a criminal conviction need not be obtained in order for forfeiture to occur. *See Maryland v. Greer,* 284 A.2d 233, 235 (Md. 1971). The Maryland courts have found that seizure of money prior to forfeiture proceedings in drug cases does not violate the Fourteenth Amendment or constitute a violation of due process. *See Lumar Sales, Inc. v. Maryland*, 301 A.2d 498, 500 (Md. 1973). This court has examined the question of due process in forfeiture proceedings, and has held that the state's obligation to provide a hearing on the issue of forfeiture "arises only when there has been a timely demand for the return of the property." *See Davis v. Fowler*, 504 F. Supp. 502, 506 n.7 (D. Md. 1980) (citing *McClendon v. Rosetti*, 460 F.2d 111, 113 (2d. Cir. 1972)). Once a demand for return of the property has been made, the State cannot unreasonably delay a hearing. *See United States v. Oil Screw Gulf Princess II*, 543 F. Supp. 1037, 1038–39 (D.S.C. 1982).

Plaintiff does not state whether he petitioned for return of his money in this instance, or, if he did petition, what resulted from the civil forfeiture proceeding. If plaintiff has not petitioned for return of the money, his remedy lies in the state court. To the extent that plaintiff has petitioned the state court for return of the money but has been denied a post-deprivation hearing as set forth under Maryland law, plaintiff is free to file a more specific complaint in this court, providing detailed facts concerning delay in receiving the requested hearing.

For these reasons, the instant action shall be dismissed without prejudice. A separate order follows.

<u>April 30, 2012</u>                                          <u>            /s/            </u>
Date                                                                Catherine C. Blake
                                                                    United States District Judge